```
TURNER LITIGATION SERVICES
Stephen T. Davies [SBN 196060]
P.O. Box 319
Eureka, California 95502
Tel. (707) 496-9666
Fax (707) 445-3319

Attorney for Plaintiff
```

FILED
OCT - 5 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AMADOR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HUMBOLDT COUNTY CORRECTIONAL FACILITY, LEGAL RESEARCH ASSOCIATES, KAREN LOVIE, The HON. W. BRUCE WATSON, & THE COUNTY OF HUMBOLDT & DOES 1 TO 50.<br><br>Defendants. | Case No.: **06-CV-06043-MHP**<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND/OR ORDER TO SHOW CAUSE RE. ISSUANCE OF PRELIMINARY INJUNCTION** |

Having considered Plaintiff's application for a temporary restraining order, the Court hereby ~~FINDS:~~

~~Plaintiff has presented credible evidence that Defendants'~~ require indigent self-represented inmates to provide correct and complete citations to cases and statutes in order to access legal materials, and, that inmates are not provided with resources necessary to determine what cases or statutes to request. Such a practice of requiring inmates to provide exact citations, without providing a starter collection of basic legal materials, would, if proven on the merits, constitute a violation of fundamental rights of due process and access to the ~~Courts as protected by the 4th and 14th Amendments to the U.S. Constitution. (See Canell v.~~

ORDER ON APPLICATION FOR TRO AND/OR PRELIMINARY INJUNCTION                                    1

1. ~~*Bradshaw* (1993, DC Or) 840 F. Supp. 1382, 1389, affd (1996, CA9 Or); *Gilmore v. Lynch* 319~~
2. ~~F. Supp. 105 (1970).)~~
3. ~~The declarations submitted attest that Plaintiff is not able to participate effectively in State~~
4. ~~Court proceedings; Plaintiff is deprived the means to determine what legal authorities are~~
5. ~~relevant to requesting a stay of State court criminal trial proceedings, trial procedures, and~~
6. ~~obtaining relief by way of writ, appeal, habeas corpus, or post judgment relief in State Court~~
7. ~~proceedings. It appears Plaintiff could not effectively raise his constitutional claims in State~~
8. ~~court proceedings. Ultimately, a prisoner's rights to access the Courts is a matter of Federal~~
9. ~~Constitutional law.~~
10. ~~Wherefore, this Court~~ ORDERS as ~~follows:~~ *that plaintiff's motion is DENIED.*
11. ☐ ~~Defendants are hereby temporarily restrained from proceeding with~~
12. ~~judicial proceedings in, or concerning, Humboldt County Superior Court~~
13. ~~Criminal Case People v. Michael Amador case no. CR056330, including~~
14. ~~the commencement of trial, the continuance of trial, and enforcement of~~
15. ~~any judgment if a judgment (should a judgment have been entered prior to~~
16. ~~the issuance of this restraining order); and/or~~
17.
18. ☐ Defendants are hereby ordered to appear before this Court on _____
19. [date] at _____ [time] and show cause why a preliminary injunction
20. should not issue staying trial -- or enforcement of any judgment following
21. ~~trial -- until such time as Plaintiffs' complaint may be heard.~~ *See Younger v Harris 401 U.S. 37 (1971). It is hornbook law that Federal courts do not* ✱ *enjoin, stay or otherwise interfere with State court proceedings. See also Drury v. Cox, 457 F.2d 764 (9th Cir. 1972)*

Dated: 10/05/06.   By: _____
                       Judge Marilyn Hall Patel

Submitted by:

TURNER LITIGATION SERVICES
Stephen T. Davies [S.B.N. 196060]
P.O.B. 319
Eureka, CA 95502
Tel. (707) 496-9666
Fax (707) 445-3319
E-Mail: turnerlit@gmail.com

ORDER ON APPLICATION FOR TRO AND/OR PRELIMINARY INJUNCTION