United States District Court
For the Northern District of California

*I*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL AMADOR,

        Plaintiff,

  v.

HUMBOLDT COUNTY CORRECTIONAL FACILITY, LEGAL RESEARCH ASSOCIATES, a California Corporation, KAREN LOVIE, an individual, HON. W. BRUCE WATSON, an individual, THE COUNTY OF HUMBOLDT, & DOES 1 TO 50,

        Defendants.
_____/

No. C 06-6043 MHP

**MEMORANDUM & ORDER**
**Re: Defendant's Motion to Dismiss**

On September 28, 2006 plaintiff Michael Amador filed this complaint against defendants Humboldt County Correctional Facility, Legal Research Associates, the County of Humboldt, as well as Karen Lovie, Honorable W. Bruce Watson, and unnamed Doe defendants 1–50, in their individual capacities. Amador seeks monetary and injunctive relief for two separate violations of his civil rights pursuant to 42 U.S.C. section 1983: a denial of his constitutional rights as a result of inadequate access to a law library while Amador was representing himself in a criminal proceeding; and retaliation for his complaints to prison officials about the lack of adequate legal resources. Now before the court is the motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Lovie and Humboldt County. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND[1]

Plaintiff Michael Amador is currently detained at defendant Humboldt County Correctional Facility. Defs.' Mot., Exh. B. Defendant County of Humboldt is the operator of the Humboldt County Correctional Facility. The County of Humboldt contracts with defendant Legal Research Associates to provide legal services to inmates at Humboldt County prisons. Defendant Karen Lovie is a jail compliance officer at Humboldt County Correctional Facility. Defendant Honorable W. Bruce Watson is a judge of the Humboldt County Superior Court who is currently presiding over plaintiff's criminal case. Defendants Does 1 to 50 are alleged agents of the above defendants.

Plaintiff is currently a criminal defendant in Humboldt County Superior Court. At the time he filed the instant complaint, Amador was representing himself in the underlying criminal case in superior court. While proceeding *in propria persona*, plaintiff's legal resources were limited to five cases or statutes at a time by Humboldt County Correctional Facility officials. Plaintiff received these materials only if he provided correct and accurate citations to those materials. Additionally, plaintiff alleges that certain other resources were not made available to him, including Black's Law Dictionary, Witkin's Criminal Procedure and "The Bluebook". In August and September 2006, plaintiff filed two inmate grievance forms, complaining of the inadequacy of the legal resources. Shortly after plaintiff lodged his grievances, defendant Lovie, a Jail Compliance Officer, reported to defendant Watson, the judge presiding over the underlying criminal case, that plaintiff was misusing his telephone privileges. As a result, plaintiff's phone privileges were limited to calls to attorneys and five other phone calls per week to pre-approved numbers. Plaintiff was also moved from dormitory housing to maximum security housing a few days after filing his first grievance.

On December 19, 2006 plaintiff requested and received appointment of a public defender. Defs.' Mot., Exh. A. Since receiving the assistance of counsel, plaintiff has changed his plea in his criminal proceeding to guilty. Defs.' Mot., Exh. B. Accordingly, he has waived his right to a jury trial and is currently awaiting sentencing. Plaintiff seeks monetary and injunctive relief including the provision of certain resources to indigent inmates who are representing themselves in pending criminal proceedings. The requested resources include: a list of available reference materials; a

1  "starter collection" of basic resources; a typewriter or computer with printer; access to the annotated
2  California Codes; internet access for all inmates, including those in maximum security cells; and "a
3  list of potential matching cases . . . if indigent inmates do not know and cannot readily determine the
4  exact citation to a case or statute"; unlimited materials to be sent within three days of the request;
5  Shepardization service; and unlimited free telephone access to pre-approved numbers at least three
6  times per day.  Compl. ¶ 51.

LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on the sufficiency of a claim—and not the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss under Rule 12(b)(6) should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

3

DISCUSSION

Defendants identify two defects in plaintiff's complaint which they allege are fatal to each of plaintiff's causes of action. First, defendants claim that plaintiff fails to allege facts supporting his denial of access to the courts. Second, defendants argue that plaintiff fails to state of cause of action for retaliation.

I.  Request for Judicial Notice

Defendants have submitted a request that the court take judicial notice of two documents from the underlying criminal case. Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The submitted documents are official minutes from hearings held in Humboldt County Superior Court. The accuracy of these documents is not questioned here. Accordingly, the court GRANTS the request for judicial notice.

II.  Right of Access to Legal Resources

Plaintiff was an indigent pro per defendant in a California criminal proceeding prior to his recent appointment of counsel. He argues that his right of access to the courts was violated due to the inadequate legal resources available to him during his detention in Humboldt County Correctional Facility. Plaintiff's complaint alleges that the inadequate provision of legal resources violates his right of access to the courts as protected by "due process rights [under] the Fourth and Fourteenth Amendments";[2] his First Amendment rights; and his rights to equal protection of the laws.

Plaintiff's reliance on the Fourth Amendment, which concerns searches and seizures, for a claim sounding in the right to access the courts is misplaced. The court can find no basis in the Fourth Amendment for his claims. Rather, plaintiff's claim would properly be brought pursuant to his right of self-representation under the Sixth and Fourteenth Amendments. See U.S. Const. amend. VI; see also Gideon v. Wainwright, 372 U.S. 335, 339–40 (1963) (holding that the Sixth

4

Amendment guarantees indigent criminal defendants the right to counsel); Faretta v. California, 422 U.S. 806 818–20 (1975) (recognizing a right under the Sixth Amendment for criminal defendants to represent themselves). Alternatively, plaintiff argues that the fundamental right of access to the courts, acknowledged in Bounds v. Smith, guarantees his right of access to a law library in the instant action. 430 U.S. 817 (1977). The court will consider plaintiff's claims under both the Sixth Amendment and the right of access to the courts in turn.

### A.   Right of self-representation

Following Faretta, many courts, including the Ninth Circuit, concluded that a criminal defendant proceeding *in propria persona* is entitled to some legal resources in the preparation of a defense. See, e.g., Milton v. Morris, 767 F.2d 1443, 1447 (9th Cir. 1985) ("The rights to notice, confrontation, and compulsory process [recognized in Faretta ] mean, at a minimum, that time to prepare and some access to materials and witnesses are fundamental to a meaningful right of self representation."). Indeed, the requisite warnings given to a defendant who chooses to exercise his right of self-representation acknowledge this trade-off. Faretta and its progeny suggest that when a defendant exercises his right of self-representation, he will not have access to the facilities to which his attorney might have access. See, e.g., Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir.1989) ("Because a defendant normally gives up more than he gains when he elects self-representation, the district court is required to make reasonably certain that he in fact wishes to represent himself.") (citations omitted).

In the context of reviewing an inmate's habeas corpus petition, the Supreme Court evaluated the right of access to legal resources for a *pro se* criminal defendant detained prior to trial. Kane v. Garcia Espitia, 546 U.S. 9 (2005). The Court held only that the failure to provide legal resources to a criminal defendant proceeding *pro se* did not violate clearly established federal law, as required for habeas relief pursuant to 28 U.S.C. section 2254(d)(1). Id. It declined to resolve the circuit split with respect to whether such a right to legal resources existed. Id. Accordingly, this court is bound by Ninth Circuit pronouncements on this issue. The Ninth Circuit has acknowledged a

5

constitutional right of *pro se* criminal defendants to some legal resources to assist in preparation of a defense. See Bribiesca v. Galaza, 215 F.3d 1015 (9th Cir. 2000)[3]; Milton, 767 F.2d at 1445. However, the scope of this right has not been precisely defined. The Ninth Circuit has acknowledged that some restrictions on the access to legal resources is permissible. See Bribiesca, 215 F.3d at 1020 (acknowledging that restrictions on access to law library based on security concerns did not offend inmate's constitutional rights); United States v. Robinson, 913 F.2d 712, 717 (9th Cir. 1990) (concluding that limit on access to legal materials to a single box of materials was constitutionally permissible). The Ninth Circuit has decidedly not required that a law library be made available to all *pro se* defendants. See United States v. Wilson, 690 F.2d 1267 (9th Cir. 1982) (declining to reverse conviction on the basis that *pro se* defendant had been denied access to law library where defendant had some access to appointed counsel). It is not clear to what specific legal resources a *pro se* criminal defendant is entitled in preparation for trial. The only firm line drawn in the case law is that the deprivation of all means of preparing and presenting a defense is impermissible. Milton, 767 F.2d at 1446. The legal resources available to Amador did not deprive him of all means in preparing and presenting a defense.

### B.   Right of access to the courts

Plaintiff relies on a second line of cases to support his right of access to the courts under the First Amendment and the equal protection clause. Bounds acknowledged an inmate's right to legal resources for the purposes of filing collateral appeals to his conviction and sentence. 430 U.S. at 817. The court reviewed the adequacy of a prison law library for protecting inmates' rights of access to the courts and their rights of equal protection. The rights addressed in Bounds and its progeny are post-trial rights involving situations in which inmates have no right to counsel. Id. at 827 (applying the Bounds rule to contexts, like that in Ross v. Moffitt, 417 U.S. 600 (1974), in which inmates have no right to counsel).

In applying Bounds, the Ninth Circuit has said that "[t]his right does not mandate use of an up-to-date legal library by the prisoners for post-conviction motions when other adequate outside

6

legal assistance is available." See Milton, 767 F.2d at 1446 n.2. In supplying prisoners meaningful access to the courts, prison officials may select from numerous reasonable options, and courts are not to become unnecessarily "enmeshed in the minutiae of prison operations." Lewis, 518 U.S. at 361 (quoting Bell v. Wolfish, 441 U.S. 520, 562 (1979)). Indeed, the Court specifically disclaimed the proposition that the state must "enable the prisoner to discover grievances, and to litigate effectively once in court." Lewis v. Casey, 518 U.S. 343, 354 (1996) (comparing these "sophisticated legal capabilities" with the provision of legal counsel) .

Therefore, plaintiff's rights of access to the courts under Bounds, to the extent that they apply to pre-trial confinement, do not require the provision of an extensive law library or internet access. Under Bounds and Lewis, an inmate is entitled only to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds, 430 U.S. at 825.

### C.  Injury

At this stage it is not clear what resources, aside from court-appointed counsel, a criminal defendant is entitled to pre-trial. However, for the purposes of a complaint brought under 42 U.S.C. section 1983, plaintiff must present evidence of an actual injury resulting from the alleged inadequacy. Lewis, 518 U.S. at 351 (requiring the prisoner to demonstrate "that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"); see also Phillips v. Hust, No. 04-36021, 2007 WL 446593 at *3 (9th Cir. Feb. 13, 2007). At the hearing on this matter, plaintiff suggested that the relevant injury was that he was forced to plead guilty as a result of retaining counsel. This is hardly an injury for the purposes of section 1983. Nonetheless, in this case, plaintiff cannot complain of an injury based on inadequate legal resources because he was represented when he pled guilty. See Defs.' Exh. A. (noting that plaintiff requested appointment of counsel and was provided a public defender); Defs.' Exh. B. (With assistance of counsel, plaintiff changed his plea in that criminal proceeding to guilty.). Proceeding under section 1983 with a claim based on unlawful conviction would present potential problems under the Heck doctrine. See Heck v. Humphrey, 512 U.S. 477 (1994) (holding that section 1983 actions are

1 inappropriate mechanisms for challenging the validity of criminal judgments that require proof of the
2 unlawfulness of his conviction). Thus, plaintiff's failure to allege injury, or offer any facts suggesting
3 injury, leads the court to grant defendants' motion to dismiss the claim that he was denied access to
4 the courts.

II.     Retaliation

Plaintiff alleges that prison officials punished him for complaining about the inadequacy of the legal resources he was provided. This retaliation, he claims, took the form of limited phone privileges and transfer to maximum security housing from his previous dormitory housing.

To claim retaliation, plaintiff must allege (1) that plaintiff engaged in constitutionally protected conduct; (2) that the conduct was a "substantial or motivating factor" inducing the alleged retaliation; and (3) resulting injury. Keyser v. Sacramento City Unified Sch. Dist., 238 F.3d 1132, 1139 (9th Cir. 2001) (citing Bd. of County Comm'rs v. Umbehr, 518 U.S. 668, 675 (1996)); see also David v. Baker, 129 Fed. Appx. 358, 360 (9th Cir. 2005).

Considering the facts in the light most favorable to plaintiff, he has satisfied two of the three prongs of the test for alleging retaliation. First, his protests to prison officials about the available legal resources may be construed as assertions of his due process or Sixth Amendment rights. The resulting injuries alleged by plaintiff include revoked privileges, further loss of access to the courts, and emotional distress, satisfying the third requirement of retaliation. Plaintiff's allegations that these complaints substantially motivated the revocation of his phone privileges and his transfer to high security housing, however, do not meet the second prong for purposes of overcoming Rule 12(b)(6). Plaintiff points to the timing of his request and the subsequent revocation of privileges, asking the court to infer improper motivation on the part of the defendants. The court declines to make such an inferential leap. For these reasons, plaintiff has failed to state a claim for unlawful retaliation. However, the court grants plaintiff leave to amend in order to add more facts sufficient to establish improper motivation.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's Sixth Amendment claim is GRANTED without leave to amend, and defendants' motion to dismiss plaintiff's retaliation claim is GRANTED with leave to amend to supply facts supporting his claim of improper motivation.

Plaintiff shall file and serve his amended complaint, if any, within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: May 10, 2007

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

# **ENDNOTE**

1. Unless otherwise indicated, all facts are taken from plaintiff's complaint and memorandum in support thereof.

2. The complaint alleges that defendants interfered with plaintiff's right to "reasonable access to the [c]ourts, in violation of [p]laintiff's due process rights as protected by the 4th and 14th Amendments to the United States Constitution."  Compl. ¶ 37.

3. In Kane, the Court concluded that the Bribesca court had erred in holding that a violation of a law library access right rooted in Faretta was sufficient for habeas relief.  546 U.S. at 9.  It left undisturbed the Ninth Circuit's analysis of Faretta based right to law library access, rather Kane declined to say that the analysis was "clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); 546 U.S. at 9.